Filed 9/20/23  Marriage of Terry CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of BOAKE and KELLIE TERRY. | 2d Civil No. B321523 (Super. Ct. No. D398305) (Ventura County) |
| BOAKE TERRY, Respondent, v. KELLIE TERRY, Appellant. | |

Kellie Terry appeals from the judgment dividing property and ordering spousal support in the dissolution of her marriage to Boake Terry.[1]  She contends the trial court erred when it: (1) permitted Boake's counsel to draft the final judgment, (2) failed

---

[1] We refer to the parties by their first names for ease of reference.  No disrespect is intended.

to require complete discovery, (3) relied on inaccurate and false evidence, (4) incorrectly divided interests in the house, (5) failed to equalize retirement funds, (6) failed to order reimbursement for past child support payments, (7) failed to consider potential proceeds from a pending lawsuit, and (8) ordered inadequate spousal support.  Boake asks that we dismiss the appeal pursuant to the disentitlement doctrine.  We deny the dismissal motion and affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

Kellie and Boake were married for almost 34 years before they separated.  Boake was terminated as a store manager at Walmart and accepted a lower-paying job at a supermarket.  Kellie had been a real estate broker in another state, raised the children, and at the time of trial was operating a pet care business.  The parties' primary asset was their house in Moorpark.  After they separated, Kellie had exclusive use and possession of the house and paid the mortgage, homeowners' insurance, property taxes, and homeowners' association fees.

Kellie, Boake, and a real estate appraiser testified at trial.  The trial court made an oral tentative decision dissolving the marriage, dividing the property, and ordering spousal support.

The court found the house's fair market value was $1,200,000.  After deductions for three liens and the mortgage balance, the court found the equity in the house was $768,284, to be divided equally between the parties.  The court ordered Boake to reimburse Kellie $49,046 in "*Jeffries* credits," which represented half the mortgage, homeowners' insurance, property taxes, and homeowners' association fees Kellie paid after separation.  (*In re Marriage of Jeffries* (1991) 228 Cal.App.3d 548, 552-553.)  The court ordered Kellie to pay Boake $75,600 in

"*Watts* credits" for half the fair market rental value during her sole possession of their home after separation. (*In re Marriage of Watts* (1985) 171 Cal.App.3d 366, 374.) The court also ordered Boake to pay $3,600 for half the cost of home repairs paid by Kellie, and $2,078 for half the storage fees she paid.

The court ordered that Kellie have 90 days to buy out Boake's interest in the house, or otherwise, the house be sold. The parties were ordered to cooperate in good faith in the listing and sale. After reimbursements for stock and IRA withdrawals, the sale proceeds of the house would be $400,848 for Boake and $367,436 for Kellie.

The court ordered Boake to pay Kellie spousal support of $600 per month until the death of either party, remarriage of Kellie, or further order of the court. He was ordered to pay additional support of 10 percent of any salary or bonuses he received above his current level. (*In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33, 37 (*Ostler & Smith*).)

The trial court reserved jurisdiction over any community interest in Boake's wrongful termination lawsuit against Walmart, which was still pending. The court ordered Kellie to pay sanctions/attorney fees of $7,500. (Fam. Code, § 271.) The court ordered Boake's counsel to prepare the written judgment. Neither party requested a statement of decision. (Code Civ. Proc., § 632.)

Kellie moved for reconsideration and to set aside the judgment. The trial court denied the motion and ordered Kellie to pay Boake's counsel additional sanctions of $5,000.

We denied five requests Kellie filed to stay the judgment pending resolution of the appeal.

DISCUSSION

*Motion to dismiss appeal*

Boake moves to dismiss the appeal pursuant to the disentitlement doctrine.  The motion is based on Kellie's refusal to sign the proposed judgment without offering an alternative proposal (Cal. Rules of Court, rule 5.125(c)(1)(B)), and the trial court's imposition of monetary sanctions (which Boake asserts are unpaid) for: delaying the case, bringing a meritless motion for reconsideration, and violating the judgment by failing to cooperate with listing and showing the house for sale and refusing to sign the deed.  We exercise our discretion to deny the motion.

"Under the disentitlement doctrine, a reviewing court has inherent power to dismiss an appeal when the appealing party has refused to comply with the orders of the trial court." (*Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 265.)  " 'Dismissal is not " 'a penalty imposed as a punishment for criminal contempt.  It is an exercise of a state court's inherent power to use its processes to induce compliance' " with a presumptively valid order.  [Citation.]' " (*In re E.M.* (2012) 204 Cal.App.4th 467, 474.)

"Courts do not lightly apply the disentitlement doctrine," and its application is discretionary.  (*Findleton v. Coyote Valley Band of Pomo Indians* (2021) 69 Cal.App.5th 736, 756-757.)  In *Findleton*, the court dismissed the appeal without prejudice to reinstate it if the appellant complied with the trial court's orders. (*Id.* at p. 765.)  Here, dismissal is not required to induce compliance regarding entry of the judgment.  Nor is it necessary regarding sale of the house, which Boake asserts was completed after entry of judgment.  We exercise our discretion to deny the

4

motion and resolve the case on the merits.

*Standard of review*

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 8.)

"Under [Family Code] section 2550, the court must divide the community estate of the parties equally. In this regard, the court has broad discretion to determine the manner in which community property is divided and the responsibility to fix the value of assets and liabilities in order to accomplish an equal division. [Citations.] The trial court's determination of the value of a particular asset is a factual one and as long as that determination is within the range of the evidence presented, we will uphold it on appeal. [Citations.]" (*In re Marriage of Duncan* (2001) 90 Cal.App.4th 617, 631-632.)

Kellie contends the trial court divided the marital estate unequally and ordered inadequate spousal support. The record consists of a clerk's transcript (which includes a reporter's transcript of the trial court's tentative judgment), augmented clerk's transcript, the trial court exhibits, and a reporter's transcript of the motion for reconsideration. Because there is no reporter's transcript or settled statement of the evidence at trial, we presume the unreported testimony supports the judgment. (*In re Marriage of Obrecht, supra*, 245 Cal.App.4th at pp. 8-9; *In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) Kellie has not shown that the evidence fails to support the judgment or that the trial court abused its discretion.

5

*Drafting the judgment*

Kellie contends there is "potential" abuse because Boake's counsel wrote the final judgment, purportedly without judicial review. The record does not support this contention. The court delivered the tentative judgment orally and ordered Boake's counsel to prepare the written judgment. Counsel drafted a judgment that closely follows the oral ruling. Boake's counsel submitted a letter to the court that attached Kellie's handwritten comments to the draft and responded to those comments. There is no showing the judgment signed by the court was "procured by misrepresentation, fraud, or overreaching." (*In re Marriage of Egedi* (2001) 88 Cal.App.4th 17, 23 [upholding marital settlement agreement drafted by attorney].)

*Discovery*

Kellie contends Boake failed to provide complete pretrial discovery. The trial court rejected that contention when it denied Kellie's motion for reconsideration, and stated it was resolved at trial. Kellie has not shown that the trial court abused its discretion regarding discovery. (*In re Marriage of Hill & Dittmer* (2011) 202 Cal.App.4th 1046, 1057-1058.)

*Inaccurate information*

Kellie contends Boake provided inaccurate and false information, and the trial court erred in relying on that information. The trial court rejected that contention when it denied Kellie's motion for reconsideration. "[I]t is well established that the trial court weighs the evidence and determines issues of credibility and these determinations and assessments are binding and conclusive on the appellate court." (*In re Marriage of Hill & Dittmer*, *supra*, 202 Cal.App.4th at pp.

6

1051-1052.)  Kellie has not shown that the trial court erred.

*Sale of house*

Kellie contends her equity in the house is $635,000.  But that figure ignores the outstanding mortgage and liens against the property.  She has not shown that the court erred in its finding that after adjustments, each party's half of the equity was $384,142.

Kellie correctly observes that Boake is responsible for half the payments she made related to the house from her separate property.  But no error has been shown because the judgment requires him to pay half the cost of home repairs and *Jeffries* credits for mortgage payments, taxes, insurance, and homeowners' fees.

Kellie contends the judgment "suggested" that Boake may receive all the proceeds from sale of the house and that she "may" receive no proceeds after close of escrow.  The clear terms of the judgment are to the contrary—the equity in the house is to be divided equally after *Jeffries* and *Watts* credits and adjustments for repairs, storage fees, and stock and IRA withdrawals.  Her contention that she has not received her share of the proceeds is not before us.  The appeal is solely from the judgment entered May 31, 2022, and is limited to the record on appeal regarding that judgment.  (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

*Retirement funds*

Kellie contends the trial court erred when it ordered reimbursement for IRA distributions previously taken.  We disagree.  The court found Kellie was not due reimbursement for distributions before the date of separation.  The court ordered Boake to pay $29,632 for half the distribution he received in

7

2020.  The parties agreed Kellie was reimbursed for the distributions in 2021.  The parties stipulated that a specified portion of the balance would be rolled into Kellie's IRA, and the remainder would be Boake's separate property.  No error has been shown.

Kellie contends the trial court erred when it failed to equalize the Social Security benefits of the parties.  We conclude otherwise.  Federal law provides that Social Security is separate property, neither divisible nor an offset in dissolution proceedings.  (*In re Marriage of Peterson* (2016) 243 Cal.App.4th 923, 930-931.)  Accordingly, the trial court properly declined to make an order regarding the Social Security benefits.

*Child support*

Kellie contends the trial court erred when it declined to order Boake to reimburse the estate for child support payments he made from community property to children from his previous marriage.  We disagree.  The trial court stated the payments had been made decades earlier and too much time had passed to require reimbursement.  The trial court also considered Kellie's testimony that when they got married, "[h]is debts became our debts," "it was a blended family," and she considered "the children from his first marriage were her kids."

"[A] child or spousal support obligation of a married person that does not arise out of the marriage shall be treated as a debt incurred before marriage."  (Fam. Code, § 915, subd. (a).)  "If property in the community estate is applied to the satisfaction of a child or spousal support obligation of a married person that does not arise out of the marriage, at a time when nonexempt separate income of the person is available but is not applied to the satisfaction of the obligation, the community estate is entitled

8

to reimbursement from the person in the amount of the separate income, not exceeding the property in the community estate so applied." (Fam. Code, § 915, subd. (b).)

Kellie was not entitled to reimbursement because she did not establish that Boake "had any nonexempt separate income available at the time he made any particular support payment using community funds." (*In re Marriage of Sherman* (2005) 133 Cal.App.4th 795, 805.) Moreover, the demand is barred because she has not shown it was made within three years after she learned community property was used for that purpose. (Fam. Code, § 920, subd. (c)(1).)

*Walmart lawsuit*

Kellie contends the trial court could not properly equalize the community interests because the Walmart lawsuit remained pending. She is incorrect.

The judgment states, "To the extent that there is a community interest in the settlement of the lawsuit with [Walmart], the Court reserves jurisdiction." This gave the trial court authority to assure an equal division.

Kellie contends the lawsuit was later settled but Boake refused to disclose its terms. This claim is not before us because "normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.'" (*Vons Companies, Inc. v. Seabest Foods, Inc., supra*, 14 Cal.4th at p. 444, fn. 3.)

*Spousal support*

Kellie contends the permanent spousal support Boake was ordered to pay was inadequate, and the trial court erroneously declined to award retroactive spousal support. We again

9

disagree.

"[E]ach couple has such a diverse mix of circumstances that trial courts must have broad discretion in weighing and balancing the various factors in each particular marriage before making a suitable support award." (*Ostler & Smith*, *supra*, 223 Cal.App.3d at p. 50.) We review the support award for abuse of discretion. (*Ibid.*) We similarly review for abuse of discretion the trial court's ruling regarding retroactivity of the support order. (Fam. Code, § 4333; *In re Marriage of Left* (2012) 208 Cal.App.4th 1137, 1152.)

The trial court ordered that permanent spousal support payments begin after the judgment, and declined to make the order retroactive. In making these determinations, the court properly considered all the factors in Family Code section 4320, including Kellie's ability to seek employment that would better utilize her marketable skills, the standard of living during the marriage, the balance of hardships to the parties, and Boake's decreased salary after his termination from Walmart. (*Ostler & Smith*, *supra*, 223 Cal.App.3d at pp. 48-49 [court properly considered husband's recent increased salary].) No abuse of discretion has been shown.

*Additional contentions*

We do not consider additional claims in Kellie's reply brief that are not stated "under a separate heading or subheading summarizing the point," are not supported by citation of authority or reference to the record, or are undeveloped by argument. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52; *In re S.C.* (2006) 138 Cal.App.4th 396, 408.) And we will not consider issues raised for the first time on reply. (*In re Groundwater*

*Cases* (2007) 154 Cal.App.4th 659, 692-693.) Based on these deficiencies, we decline to consider issues regarding due process, eminent domain, a purported duty to order life insurance, failure to hear evidence at the hearing on the motion for reconsideration, and purported bias of the trial court. We also do not consider contentions regarding hearings, purported disclosure violations, distributions of assets, and other events occurring after entry of the judgment entered on May 31, 2022. (*Vons Companies, Inc. v. Seabest Foods, Inc.*, *supra*, 14 Cal.4th at p. 444, fn. 3.)

DISPOSITION

The judgment entered May 31, 2022, is affirmed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Michael S. Lief, Judge

Superior Court County of Ventura

_____

Kellie Terry, in pro. per., for Appellant.

Ferguson Case Orr Paterson and Wendy C. Lascher for Respondent.